[No. 8450.]

### COLORADÓ POWER COMPANY V. BAILLIE ET AL.

TRIAL—*Questions for the Jury.*  Neither a non-suit, nor a directed verdict
for defendant, is to be granted, unless there is a total want of evidence to
support the claims of the plaintiff. (75.)

*Error to Garfield District Court.*   Hon. JOHN T. SHUMATE,
   Judge.

*Department.*

Mr. D. EDGAR WILSON, Mr. WILLIAM V. HODGES, Mr.
MASON A. LEWIS and Mr. JAMES B. GRANT, for plaintiff in
error.

Mr. JOHN E. ETHELL, for defendants in error.

Opinion by Mr. Justice TELLER.

The defendants in error recovered a judgment against
the plaintiff in error in an action for damages for the
death of their minor son, which they alleged was due to the
negligence of plaintiff in error.

The deceased, a youth of eighteen years of age, was
employed by the Power Company in the construction of its
power lines.   On the morning of his death he climbed one
of the poles, upon which an additional wire was to be placed,
and, coming in contact with a wire carrying a current of
electricity, and was killed by the shock there received.

The assigned errors, which are discussed in the brief,
relate only to the rulings of the trial court on the motions
for a non-suit, for a directed verdict in favor of the defend-

ant, and for a new trial. They may all be summed up in the contention, made by plaintiff in error, that the plaintiffs below did not make a *prima facie* case of negligence.

The negligence upon which the action was based in the complaint consisted in the alleged fact that the defendant's foreman, under whose orders the deceased was working, directed the deceased to ascend one of the poles for the purpose of stringing a wire thereon, while another wire on said pole was charged with electricity, the foreman having failed to use reasonable care to have the current shut off before deceased was ordered to ascend the pole.

It appears, from the testimony for defendant that the practice was to turn off the current in the morning before the men began work on the line, but on the morning of the accident the foreman went with the crew to the place where the work was to be begun, left the men there, and returned to the plant to shut off the current.

The conflict in the evidence is over what was said by the foreman when he left the men to go back to the plant.

One witness testified that he heard Hamilton, the foreman, tell the deceased to make a loop and string another wire, and that he might use his—Hamilton's—spurs. Also that Hamilton told them to wait and he would fix it, but witness did not know what he meant by "fix it."

Another witness testified to the same orders by Hamilton, and that Hamilton then went back to the plant and shut off the current.

Hamilton, the only other witness testifying to this conversation, denied that he directed deceased to ascend the pole or string the wire.

Here was presented a case of a conflict of evidence, and not of a total want of evidence. The jurors were at liberty to believe the witnesses for plaintiffs, and, if they did so, to find the defendant guilty of negligence. There was, therefore, no error in the denial of the motions for non-suit, and

for a directed verdict, nor in overruling the motion for a new trial.

The judgment is affirmed.

*Judgment affirmed.*

Chief Justice GABBERT and Mr. Justice HILL concurring.